IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVIAN M. SNYDER,<br><br>    Plaintiff,<br><br>vs.<br><br>JEFFERSON COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>    Defendants. | 4:22-CV-3093<br><br>MEMORANDUM AND ORDER |

  The plaintiff, Davian Snyder, filed a complaint in state court against the "Jefferson County Sheriff's Department," Jefferson County Sheriff Nicholas Georgi in his individual and official capacities, and Jefferson County Deputy Sheriff Tommy Lee Osienger in his individual and official capacities, alleging that Georgi and Osienger had violated his civil rights. Filing 1-1 at 1-4. The defendants removed the case to this Court. Filing 1. The case is before the Court on a motion to dismiss the "Jefferson County Sheriff's Department" as a party. Filing 3. The plaintiff has not responded to the motion. *See* NECivR 7.1(b)(1)(B).

  The gist of the motion to dismiss is that the "Jefferson County Sheriff's Department" is not a separate legal entity subject to being sued. *See* filing 4. And of course, that's right: A Nebraska county may sue and be sued in its own name, but the same isn't true of county offices or departments. *Parsons v. McCann*, 138 F. Supp. 3d 1086, 1097 (D. Neb. 2015); *Winslow v. Smith*, 672 F. Supp. 2d 949, 964-65 (D. Neb. 2009); *Holmstedt v. York Cnty. Jail Supervisor*, 739 N.W.2d 449, 461 (Neb. Ct. App. 2007), *rev'd on other grounds*, 745 N.W.2d 317 (Neb. 2008). As a practical matter it makes no difference, because Georgi and Osienger were both sued in their official capacities, and a suit against a

public employee in his official capacity is merely a suit against the employer. *Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985). But because the premise of the motion to dismiss is technically correct, the Court will grant the motion and dismiss the "Jefferson County Sheriff's Department" as a party.

The Court notes that although the motion to dismiss raised a defense as to only one party, none of the defendants have answered the plaintiff's complaint or moved to dismiss it. "When a party files a motion to dismiss, the time for *that party* to file an answer to all claims, including those not addressed in the motion, is suspended until the court issues a ruling on the motion." NECivR 12.1 (emphasis supplied). And the filing of a Fed. R. Civ. P. 12(b) motion by one defendant doesn't automatically extend the time for a codefendant to answer. *Hanley v. Volpe,* 48 F.R.D. 387, 388 (E.D. Wis. 1970); *see Floors-N-More, Inc. v. Freight Liquidators,* 142 F. Supp. 2d 496, 502-03 (S.D.N.Y. 2001); *see also* Charles Alan Wright *et al.*, Fed. Prac. & Proc. § 1346 (3d ed. Supp. 2022). So, although it's difficult to see how the plaintiff has been prejudiced, the remaining defendants technically appear to be in default, and would be well-advised to answer or otherwise respond to the plaintiff's complaint as soon as is practicable.

IT IS ORDERED:

1. The Jefferson County Sheriff's Department's motion to dismiss (filing 3) is granted.

2. The Jefferson County Sheriff's Department is terminated as a party.

3. Nicholas Georgi and Tommy Lee Osienger shall answer or otherwise respond to the plaintiff's complaint on or before August 1, 2022, or be found in default.

Dated this 19th day of July, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge